IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CR-272-WKW-GMB |
| | ) | [WO] |
| DANDRE MARQUEZ GRAY | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is the Motion to Dismiss filed by Defendant Dandre Marquez Gray. Doc. 18. The court has reviewed the Government's response to the motion (Doc. 20), along with the parties' evidentiary materials. For the reasons to follow, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Doc. 18) be DENIED.

## I.  INTRODUCTION AND STATEMENT OF FACTS

On June 27, 2018, a Grand Jury sitting within the Middle District of Alabama indicted Gray on one count for the possession of marijuana with intent to distribute, one count for the use of a firearm in furtherance of a drug trafficking crime, and one count for the possession of a firearm by a convicted felon. Doc. 1.  The incident giving rise to these charges occurred on May 5, 2017. Doc. 1. The Government concedes that Gray was charged in state court with the unlawful possession of marijuana relating to this same incident, and he pleaded guilty to that charge on May 18, 2017, more than one year before the federal indictment. Doc. 20 at 2 (admitting that the state and federal prosecutions arise from the same operative facts).

## II.  DISCUSSION

Gray's argument for the dismissal of his charges is straightforward.   He invokes

the Fifth Amendment, as incorporated by the Fourteenth Amendment, for the proposition that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. According to Gray, his successive federal prosecution for possession of marijuana subjects him to double jeopardy.[1]  This might be so if, and only if, the Supreme Court were to invalidate the dual sovereign doctrine. But Gray has jumped the gun. Regardless of whether the Supreme Court has granted certiorari in *Gamble v. United States*, 138 S. Ct. 2707 (2018), binding Supreme Court and Eleventh Circuit precedent holds that successive prosecutions by different sovereigns do not violate the Double Jeopardy Clause. *See, e.g.*, *Abbate v. United States*, 359 U.S. 187, 195 (1959); *United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir. 2004) ("The Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct."). Unless and until the law changes, Gray's double jeopardy claim fails.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Motion to Dismiss (Doc. 18) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **September 27, 2018.**   Any objections filed must identify

---

[1] In seeking the dismissal of the entire federal Indictment, Gray implicitly takes the position that the two gun charges also subject him to double jeopardy. Even leaving aside the dual sovereign doctrine, *Blockburger v. United States*, 284 U.S. 299 (1932), defeats this claim. *Id.* at 302 ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

the specific findings in the Magistrate Judge's recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this recommendation is not a final order of the court, and therefore it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 13th day of September, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE